## THE STATE vs. GEORGE B. DENNIS.

Kent County, April Term, 1895.

**Arrest.**—A public peace officer may arrest, without a warrant, any person whom he finds engaged or involved in a breach of the peace.

**Same.**—If a peace officer uses more violence than is necessary to secure the arrest of an offender, he is liable in civil action for damages or to indictment for assault and battery. He must not act in a brutal manner in the first instance. If the peace officer does so act toward the prisoner in the first instance, the latter may, in self defence, use so much force as is necessary on his side to repel it, and no more.

**Same. Resisting Officer.**—If the accused forcibly attacks, from motives of revenge and not of self-defence, a peace officer, lawfully attempting his arrest, he may be found guilty of the offence of resisting the officer.

**Same.**—Although the accused be arrested with unlawful violence by the peace officer in the first instance, yet if he submit to the arrest and afterwards, while in his peaceful custody, forcibly attacks the said officer, such attack will amount in law to a resistance of him as a peace officer.

**Same. Assault.**—Under an indictment containing charges both of resisting a public peace officer, and of assault and battery, the jury may find the prisoner guilty of either charge or guilty of a simple assault.

The defendant was indicted for resisting John W. Parris, a public peace officer in the town of Harrington.

GRUBB, J., (charging the jury.)

The case which you have been impanelled to try is the offence of resisting a public peace officer while engaged in the lawful discharge of his duty as such peace officer.

As there have been several indictments found in this Court against persons charged with resisting a public peace officer, it is proper for us to say to you that it is your duty to consider this as a

case of serious importance. The public peace officers are charged
not only with the maintenance of the public peace and-order, but
with the preservation of the safety of person and property within
their jurisdiction. Their duties, therefore, are very responsible
ones, and, at times, very perilous ones; and unless they are pro-
tected by the law, neither the public peace nor the preservation
and protection of life, person and property can be secured in this
community. In fact all the power of the State, civil and military,
may be invoked for their protection and support.

In this case, the responsible charge is submitted to this jury,
and in the first instance the duty is upon you, after a careful con-
sideration of all the circumstances in evidence before you, both
against the prisoner and in his favor, to determine whether this is
a case in which you should find a verdict of guilty, and in which
punishment necessary for the public welfare and for personal pro-
tection, shall be inflicted.

In this instance George B. Dennis, the defendant, has been
indicted, and in this indictment there are two charges against him.
He is charged with having resisted John W. Parris, Town Bailiff
of Harrington, in Mispillion Hundred, in this County, while exer-
cising his lawful authority as a peace officer in a lawful manner;
and also with having committed an assault and battery upon him.
So that in this indictment you may find him guilty (if the evidence
warrants you in so finding) either of the offence of resisting this
peace officer, or if you may not find him guilty of resisting a peace
officer, you may find him guilty of assault and battery against him,
or a simple assault against him.

In order to warrant you in finding a verdict of guilty under
the first count in this indictment—that is of resisting John W.
Parris in the execution of his duty as a peace officer—it is neces-
sary for the State to show you, beyond a reasonable doubt, (1) that
Parris had lawful authority to arrest within the town of Harring-
ton, in Mispillion Hundred, in this County; (2) that he exercised
that authority in a lawful manner; (3) that he exercised it in that
manner in the town of Harrington, in Mispillion Hundred, in this

County, and (4) that the defendant, Dennis, resisted him while exercising his lawful authority in a lawful manner.

By an act of the General Assembly of this State passed in 1869, the proper authorities of Harrington were authorized to appoint a town bailiff, and that bailiff was invested with the powers of a constable in regard to the exercise of the police power of arrest, etc. And therefore we must take notice of that as a fact, and you must take notice of it as an established fact in this case—being a public law of this State—that a town bailiff for the town of Harrington, is authorized by law and has power to arrest offenders found engaged in a commission of a breach of the peace, and take them before the proper tribunal for a hearing.

It must next be shown that John W. Parris was duly appointed and exercised those powers conferred by that law of the State. He has testified to you that he was duly appointed and qualified. Unless there is evidence to the contrary to satisfy you that he was not, that is a fact before you, for you to consider as established—if you believe him.

If you believe, therefore, that he had lawful authority to arrest any person within the town of Harrington, engaged in a breach of the peace within the town of Harrington, it will be next for you to determine whether he exercised that authority in a lawful manner within the town of Harrington.

It is not shown that he had a warrant for the arrest of Dennis, the person charged in this instance, and it is our duty to say to you that as a public peace officer, he had lawful authority to arrest without a warrant any person whom he *found* engaged or involved in a breach of the peace within his view. Therefore, in this instance, if you believe that there was a fight going on there, that was a breach of the peace, and he had a right to arrest any and all the persons involved in that, whom he found *actually engaged* in it, at the time he came up, and take them before the proper tribunal, and without warrant. So that he had a lawful authority to arrest Dennis if he was engaged in it, and all the others, provided he did it in a lawful manner.

There is evidence in this case on the part of the defence produced for the purpose of showing (but whether it shows it or not is for you to say upon all the evidence) that the Laramores were making an attack upon Dennis and that Dennis had not caused it and was not responsible for it. We must say to you that if Parris came up after that fight had commenced, while it was in progress, and had not seen the cause of it, he had the right to arrest them all—Dennis as well as the Laramores, and all others engaged in it, and take them before the proper judicial tribunal which is charged by law with the duty and power of inquiring as to who caused the quarrel or who was to blame for it. That was not the duty of the town bailiff under the circumstances proved to you. If you believe that he heard that there was a fight going on there and that when he came up there he found them engaged in the fight and had not seen the commencement of it, under those circumstances it was his duty to arrest them all. He was not the tribunal created by law to decide who was to blame—that tribunal was the Justice of the Peace or other tribunal existing under the Constitution and laws of this State. So we say in respect to all persons involved in a fray, when arrested by a peace officer, that it is their duty to submit to the officer who arrests them, to prevent a further breach of the peace. Who caused the quarrel or fight, or who is to blame, must be referred to the proper judicial tribunal and cannot be determined by or before the officer who finds the breach of the peace already in progress. His duty is to arrest in a lawful manner and bring all the persons before the proper judicial tribunal for a hearing and their duty is to submit to him for that purpose; *State vs. Townsend,* 5 Harring. 488.

Again, the arrest must be made in a lawful manner, conceding that the officer has the authority to make the arrest, and without a warrant. A peace officer may use whatever force is reasonably necessary to prevent the escape and to secure the arrest of a person whom he finds engaged in a breach of the peace, or about to engage in a breach of the peace, if his actions and conduct show that he is about to execute that intention. But the peace officer must use no

more force and violence than is necessary to secure the arrest, and to convey him to a place of custody and safety for the purpose of his hearing; and if he uses more violence than is reasonably necessary, then he acts in an unlawful manner and he might be held liable to the person injured in a civil action for damages, for an assault and battery, say, or to indictment for assault and battery. He may also lay his hands on the person whom he is entitled to arrest, and he may do that in whatever manner is necessary to prevent his escape and secure his arrest, but he must not do that in a brutal manner in the first instance. In this case—I refer to this point of the law because it is necessary to do so, owing to the fact that the counsel for the defence has argued before you and before us that this prisoner had a right to repel the manner in which this officer took hold of him—it has been alleged by one of the witnesses, at least, for the defence that before the officer said anything to Dennis, in front of Minner's, he clutched him by the throat without telling him that he arrested him and requesting him to submit to arrest and before laying his hands properly upon him. If you believe that, in the face of all the other testimony in the case (Parris' testimony and all the rest), then that officer had no right to clutch him by the throat in the first instance, before properly laying his hands upon him to indicate that he was under arrest. If he did commence in a violent and brutal way in the first instance, then the prisoner would have the right to repel it in self-defence, by so much force as was reasonably necessary, on his side, to repel it and no more. The law accords to every man the right of self-defence, when he is attacked by another, for the purpose of defending himself from imminent injury; but it does not allow him for a slight blow or a slight injury to kill another, nor to use great violence against a man who strikes him lightly, or with a light weapon or stick. It only allows him to use so much force as is reasonably necessary to repel the aggressor. In other words, the principle of the law of self-defence is that the person assaulted may protect himself from imminent injury, but may not wreak revenge or gratify a grudge.

In this connection it is our duty to point out a distinction to you. Even if you should find that Parris, when near Minner's oyster stand, had undertaken to arrest Dennis at that point, in an unlawful manner,—by clutching him by the throat or choking him, before laying his hand on him, or either indicating that he was under arrest or notifying him to submit to arrest—if you should find at that point that he did it unlawfully,—and that the man was entitled to resist him for the purpose of self-defence, still if you are satisfied that he did not do it for the purpose of self-defence, but for the purpose of gratifying a feeling of revenge, or malice, or passion against Parris, and with intent really of resisting his arrest, and not of self-defence, then you may find him guilty of resisting the peace officer, if he did it with the intent to resist and not with the intention of defending himself lawfully.

Parris testifies (if you believe him) and other witnesses testify, as I remember—and you will correct me if I am wrong—that after the affray at Minner's, after the choking there, Dennis submitted to Parris and went with him some forty feet or more; that there another struggle ensued, while Dennis was under arrest, and Parris was thrown backward and Dennis fell on top of him, and that while Parris was rising Dennis struck him, (one saying in the eye, the others on the head). If you believe that, then the fact that Parris had made the arrest at Minner's oyster stand unlawfully will not avail for the defence of Dennis under this indictment, if you are satisfied that at this other point, while he was then under arrest and had submitted to it, he again attacked Parris, helped to throw him down and struck him as he was rising. For, we must say to you, that was a second assault upon him and that amounts in law to a resistance of him, as a peace officer; that is striking him while he had him under arrest.

If you believe these facts beyond a reasonable doubt, then you may still find him guilty under this indictment.

There are other facts in the case which you will also recall, which it is not our desire, nor do we think it necessary, to detail to you. For it is not our purpose or duty to comment upon the facts,

but only to call your attention to those facts upon which issues of law are raised by the defence and the State. Having discharged that duty so far as we consider the needs of this case require, we will leave it in your hands; merely reiterating that if you do not find Dennis, the defendant, guilty of resisting this peace officer, under the legal meaning and requirements of our definition of resisting a peace officer while legally engaged in his duty, you may still find him guilty under this indictment of an assault and battery or of an assault only.

*Verdict, Not guilty in manner and form as indicted, but guilty of assault.*